IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALLACE DAWKINS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>BARNHART CRANE AND RIGGING CO.,<br><br>　　　　　　Defendant. | 8:18CV534<br><br>ORDER FOR INITIAL PROGRESSION OF CASE |

Upon review of the parties' Rule 26(f) Report ([Filing No. 6](Filing No. 6)),

**IT IS ORDERED:**

　　1.　　**Authorization and Sequence of Discovery**.  The parties may now commence discovery.  That discovery required to prepare the case for **mediation** or other settlement negotiations and that discovery required to prepare the case for possible summary judgment disposition shall be conducted before other discovery.

　　2.　　**Mediation**.  If mediation has not already been conducted, counsel shall immediately advise the parties that the Court expects them to mediate their dispute if they have not already done so, and may order them to participate in settlement discussions, in the presence of the judge if appropriate.  Counsel shall notify the undersigned magistrate judge by joint or separate letters by **February 19, 2019**, addressing the following:

　　　　a.　　That they have advised their clients of the Court's expectations respecting mediation;
　　　　b.　　That they have hired a mediator and the name of the mediator hired;
　　　　c.　　The date of their scheduled mediation;
　　　　d.　　Their joint, or if necessary, separate views on whether the progression of the case should be stayed pending the outcome of their mediation;
　　　　e.　　If no mediator has been hired by that time, counsel's estimate of when a mediator can be hired and a mediation held;
　　　　f.　　If a mediation previously has been held, the identity of the mediator, the date of the mediation, and their views as to whether another mediation at this time might be successful in resolving the dispute;
　　　　g.　　Whether the parties object to mediation and if so, what the objections are; and
　　　　h.　　If the parties have not discussed mediation, what settlement efforts have been undertaken and what actions are planned for the future, together with the timing of such anticipated actions.

**Failure to provide the required report will result in postponement of the planning conference until the report has been received.**

Counsel are reminded that if parties do not have the funds immediately available to pay a mediator's fees, the court's Plan for Administration of the Federal Practice Fund and the Mediation Plan (both available at www.ned.uscourts.gov) make the Federal Practice Fund available to advance such fees; if the case ends with any payment of money to that party, the Federal Practice Fund must be reimbursed.

3. **Mandatory Disclosures** described in Fed. R. Civ. P. 26(a)(1) shall be served by **January 25, 2019**.

4. The **filing of disclosures** under Fed. R. Civ. P. 26(a)(1), and (2), as well as the filing of discovery documents, depositions, and disclosures required by this order shall be governed by NECivR 26.1. The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be filed when served. **Note: Disclosures that are filed should be redacted so no personal information (e.g., home addresses, phone numbers, Social Security numbers, etc.) is made part of the public record.**

5. **Withholding Documents from Disclosure or Discovery**. If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

6. **Limits on Discovery**. Each party is limited to serving **forty (40)** interrogatories on any other party. The plaintiffs as a group, and the defendants as a group, are each limited to taking **ten (10)** depositions in this case, without leave of court.

7. **Adding Parties; Amending Pleadings**. Any motion to amend pleadings and/or add parties shall be filed not later than **February 8, 2019**.

8. **Planning Conference**. A telephone conference with the undersigned magistrate judge will be held on **March 22, 2019**, **at 10:00 a.m.**, for the purpose of reviewing the preparation of the case to date and the scheduling of the case to trial. **A separate order will be filed with conferencing instructions.** (At the request of the parties, the conference may be held in chambers). Prior to the conference, counsel for the parties shall have:

    a. Disclosed the names, addresses, and affiliations with any party of all non-expert witnesses;
    b. Disclosed at least the names and addresses of all expert witnesses expected to testify for that party at trial;
    c. Completed a conference with opposing counsel concerning outstanding discovery disputes as required by NECivR 7.1(i);

- 3 -

    d.    Discussed with opposing counsel plans for completing the depositions of expert witnesses and other remaining discovery and the filing of motions for summary judgment;

    e.    Provided their report(s) on the status of mediation and other settlement efforts as required in paragraph 2, above; and

    f.    Discussed with opposing counsel any other matters which may influence the setting of this case for trial.

9.    **Motions to alter dates**.  All requests for changes of deadlines established by this order shall be directed to the magistrate judge by appropriate motion.

10.    The stipulations of the parties regarding discovery and progression matters set forth in their planning report to the Court, not in conflict with the provisions of this order, are approved and adopted.  The stipulations for dismissal and/or striking of claims and/or defenses contained in the parties' planning report are approved and adopted, and all of such claims and/or defenses are hereby dismissed and/or stricken.

11.    Trial is tentatively set for the **month of November 2019**, and is tentatively scheduled for **five (5) trial days**.

Dated this 21st day of December, 2018.

    BY THE COURT:

    s/ Michael D. Nelson  
    United States Magistrate Judge