# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALLACE DAWKINS, | |
| Plaintiff, | **8:18CV534** |
| vs. | **ORDER** |
| BARNHART CRANE AND RIGGING CO., | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Protective Order and Objection to Deposition Duces Tecum ([Filing No. 54](#)). Plaintiff moves for a court order prohibiting his deposition from taking place on March 12, 2020, as noticed by the Defendant's Subpoena served on February 18, 2020. Plaintiff objects because he has already been deposed once by Defendant, the notice of deposition duces tecum was served less than thirty days prior to March 12, 2020, and the written discovery deadline has passed. The Court will deny Plaintiff's motion.

Plaintiff, a former employee of Defendant, filed this action alleging Defendant discriminated against him on the basis of race and retaliated against him after he engaged in protected activities. ([Filing No. 1](#)). Defendant's Answer denies Plaintiff's allegations and raises an after-acquired evidence affirmative defense, stating, "[t]o the extent that Plaintiff engaged in acts or misconduct prior to or during employment, which, if known by Defendant would have resulted in termination of Plaintiff's employment, any relief awarded to Plaintiff should be reduced, in whole or in part." ([Filing No. 4 at p. 4](#)). Defendant also contends Plaintiff solicited one of its employees to work with him in a multilevel marketing company focused on vitamin sales, in violation of a Confidentiality and Limited Non-Competition/Non-Solicitation Agreement with Defendant. ([Filing No. 58 at p. 5](#); Filing No. 58-7; Filing No. 58-8).

Defendant deposed Plaintiff on September 9, 2019, for five hours and fifty-six minutes. ([Filing No. 59-1 at p. 2](#)). During his deposition, Plaintiff denied gambling or working for a multilevel marketing company during his regular work hours with Defendant. Defendant asserts that during discovery in this case it has gathered testimony from other witnesses' depositions that tends to show Plaintiff's testimony may not have been entirely truthful. Because the written discovery deadline has passed, Defendant seeks to obtain documents through the deposition subpoena duces tecum relevant to its after-acquired evidence affirmative defense and allegation

that Defendant violated the non-solicitation agreement with Defendant. Specifically, Defendant's deposition subpoena duces tecum asks for documents between July 1, 2015 and December 17, 2017, (the period of Plaintiff's employment with Defendant), relating to Plaintiff's communications, credit card and bank statements, and withdrawals or deposits over $100 during his work hours with Defendant related to poker, gambling, or casinos; credit card and bank statements associated with any multilevel marketing companies, including vitamin sales; and documents related to poker tournaments he participated in or attended during working hours. (Filing No. 53-1 at pp. 10-11). Plaintiff's objections to the deposition subpoena duces tecum are based on timeliness and the fact that Plaintiff has been deposed once in this case already.

The parties have requested and appeared before the Court several times to discuss various discovery disputes and scheduling issues in this case. On June 18, 2019, the Court granted the parties' joint stipulation to extend case progression deadlines and entered an amended case progression order that extended the deadlines to complete depositions and written discovery under Fed. R. Civ. P. 33, 34, and 36 to October 10, 2019. (Filing No. 18). The parties requested a discovery dispute telephone conference in September 2019, which ultimately did not take place, but again requested a discovery dispute telephone conference on October 2, 2019, after they could not resolve all their disputes. That conference was held on October 11, 2019, the day after the written discovery and deposition deadlines expired. (Filing No. 29-30). Although the Court did not extend or modify the progression order, during the October 11, 2019, telephone conference the Court stated the parties should conclude depositions and discovery as soon as possible. (Filing No. 30). Defendant served a second request for production of documents on Plaintiff on November 25, 2019, containing similar, but broader, document requests sought by the deposition subpoena at issue. Plaintiff objected to those document requests, although he did not object on grounds of timeliness. The Court held additional telephone conferences with the parties on January 13 and January 27, 2020. (Filing Nos. 44-49).

The Court finds Defendant has been diligent in complying with or attempting to comply with the Court's various instructions and rulings during telephone conferences and has shown good cause to take a second deposition of Plaintiff for the purpose of obtaining the requested documents. Defendant should not be penalized for any ambiguity or inconsistency resulting from the Court's statements at the October 11, 2019, telephone conference that the parties should conclude depositions *and* discovery as soon as possible. As the Court stated during the January 27, 2020,

telephone conference, per the amended progression order (which had not been formally modified), the written discovery deadline had passed on October 10, 2019; nevertheless, the Court also indicated Plaintiff should provide responsive documents to Defendant, either through document production or pursuant to a deposition subpoena duces tecum. See [Filing No. 48](); Fed. R. Civ. P. 30(a)(2)(A)(ii)("A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2). . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case."). During the January 27, 2020, conference, the Court reviewed Defendant's second request for production of documents and provided Defendant with directions on how to limit the requests to make them reasonable in time and scope. Defendant complied with the Court's directions and limited its document requests in its deposition subpoena accordingly. After review of Defendant's deposition subpoena duces tecum, the Court finds it is narrowly tailored to seek documents relevant to its after-acquired evidence affirmative defense and defense that Plaintiff breached a non-solicitation agreement with Defendant. During the January 27, 2020, conference, the Court extended the deposition deadline to March 27, 2020, in part to facilitate a further deposition of Plaintiff for him to produce documents responsive to Defendant's requests. ([Filing No. 50]()). And, although Plaintiff is correct that the rules contemplate providing a thirty-day period of time to produce documents in response to a subpoena duces tecum, Plaintiff has had ample notice that Defendant seeks production of these documents, and the Court indicated at the January 27, 2020, conference that Plaintiff will be required to produce such documents. Under the circumstances, the Court will give Defendant leave to depose Plaintiff pursuant to the Deposition Subpoena Duces Tecum and overrules Plaintiff's objections. Upon consideration,

**IT IS ORDERED**: Plaintiff's Motion for Protective Order and Objection to Deposition Duces Tecum ([Filing No. 54]()) is denied.

Dated this 6th day of March, 2020.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge