IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALLACE DAWKINS, | |
| Plaintiff, | 8:18CV534 |
| vs. | ORDER |
| BARNHART CRANE AND RIGGING CO., | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Protective Order ([Filing No. 62](#)). Defendant moves for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure to prevent Plaintiff from deposing Defendant's Chief Executive Officer, Alan Barnhart, pursuant to the "apex deposition" rule. Defendant argues Plaintiff has not articulated a legitimate basis to take Mr. Barnhart's apex deposition and the deposition would be unreasonably cumulative and duplicative, as Plaintiff has already deposed each of Plaintiff's direct supervisors, all individuals involved in the decision to terminate Plaintiff, and has taken a 30(b)(6) deposition of Defendant. ([Filing No. 64](#)). Plaintiff argues he is entitled to depose Mr. Barnhart because Mr. Barnhart has direct relevant knowledge relevant to this lawsuit because he was advised that Plaintiff had made an EEOC discrimination complaint and "participated" in discussions regarding Plaintiff's termination. ([Filing No. 67 at p. 3](#)).

Plaintiff testified that during his employment with Defendant he reported to Brant Durdin, who reported to Chief Operations Officer Michael Honan, who reported to Mr. Barnhart, CEO. ([Filing No. 63-4 at p. 3](#)). After Durdin left the company, Plaintiff reported "for a short time" to Nick Jones as regional director, and then directly to Honan. ([Filing No. 63-4 at pp. 3](#), 5). Honan made the decision to terminate Plaintiff and verbally discussed the decision with Durdin, Jones, Hugh Murphy, and Matt Brennan (former Chief Financial Officer). Plaintiff has deposed all of those individuals—Honan, Jones, Durdin, Brennan, and Murphy—as well as Defendant's Vice President of Branches, Randy Lewis and Defendant's former Human Resources Director, Rolana Bourland. Plaintiff has also taken a Rule 30(b)(6) deposition of Defendant.

Plaintiff's request to depose Mr. Barnhart is derived from Honan's deposition. Honan testified he gave Mr. Barnhart a "heads-up" that Plaintiff had made a racial discrimination complaint and shared "what HR thought." Honan believed he had between one to three

conversations with Mr. Barnhart about Plaintiff's EEOC complaint but did not specifically remember their conversations. ([Filing No. 63-7 at pp. 5-6](#)). Likewise, Honan testified he advised Mr. Barnhart of the decision to terminate Plaintiff's employment and Mr. Barnhart "didn't disagree" with or stop the termination. ([Filing No. 63-7 at pp. 8-9](#)). Because Honan could not remember exactly what he said or what Mr. Barnhart said during their discussions, besides the general subject matter, Plaintiff asserts he is entitled to depose Mr. Barnhart regarding those conversations.

Defendant moves for a court order preventing the deposition of Mr. Barnhart under the apex deposition rule. Generally, the apex deposition doctrine "requires a party seeking to depose a high-level corporate executive to demonstrate (1) that the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information have been exhausted." *Wetch v. Crum & Forster Commercial Ins.*, No. 5:17-CV-05033-JLV, 2019 WL 283654, at *2 (D.S.D. Jan. 22, 2019)(citing *Gladue v. Saint Francis Medical Center*, 2014 WL 7205153 *1 (E.D. Mo. Dec. 17, 2014)). This rule is "aimed to prevent the high level official deposition that is sought simply because he is the CEO or agency head--the top official, not because of any special knowledge of, or involvement in, the matter in dispute." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 126 (D. Md. 2009). Nevertheless, "A motion seeking to prevent the taking of a deposition is regarded unfavorably by the courts, and it is difficult to persuade a court to do so." *Raml v. Creighton Univ.*, No. 8:08CV419, 2009 WL 3335929, at *2 (D. Neb. Oct. 15, 2009)(Gossett, M.J.)(citing *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001)).

The Court is not persuaded that Mr. Barnhart has unique or special knowledge regarding any claim or defense in this action such that his deposition should be permitted. Mr. Barnhart's tangential knowledge in this case is derived from Honan's "head's up" that Plaintiff had raised a racial discrimination complaint and that Honan had decided to terminate Plaintiff's employment. Mr. Barnhart did not directly supervise Plaintiff and was not involved in investigating the discrimination complaint or making the termination decision. Plaintiff also does not allege Mr. Barnhart personally was involved in any of his allegations of discriminatory conduct. The fact that the CEO of his company was kept apprised of such matters by a direct supervisor tasked with managing employees does not mean Mr. Barnhart has "unique or special knowledge of the facts at issue" necessitating his apex deposition. While Mr. Barnhart technically may have *some*

relevant knowledge in the broadest sense of the word, since he was advised by Honan of what was happening with Plaintiff's complaint and termination, that knowledge is not unique to Mr. Barnhart. Plaintiff has deposed every individual involved in making the decision to terminate Plaintiff and has conducted a 30(b)(6) deposition of Defendant, including all of Plaintiff's direct supervisors and Defendant's Chief Operations Officer, former Chief Financial Officer, former Human Resources Director, and Vice President of Branches. See *City of Farmington Hills Employee Ret. Sys. v. Wells Fargo Bank, N.A.*, No. CV 10-4372 (DWF/JJG), 2012 WL 13048263, at *3 (D. Minn. Sept. 17, 2012)("The Court is first concerned with the propriety of deposing a high-level corporate official, which requires the Court to determine whether the official has unique knowledge that is not available from other, less burdensome sources."). Accordingly, the Court agrees with Defendant that Plaintiff has not shown the need to take Mr. Barnhart's "apex" deposition and will grant Defendant's motion for a protective order. See *Drake v. Steak N Shake Operations*, Inc., No. 4:14-CV-01535-JAR, 2018 WL 3625769, at *2 (E.D. Mo. July 30, 2018)(granting protective order to prevent deposition of CEO where plaintiff failed to demonstrate the CEO had "unique or specialized knowledge of the facts at issue in this case" and because "less burdensome avenues exist to obtain the information"). Upon consideration,

**IT IS ORDERED**: Defendant's Motion for Protective Order (Filing No. 62) is granted.

Dated this 31st day of March, 2020.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge