IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALLACE DAWKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARNHART CRANE AND RIGGING CO.,<br><br>　　　　　Defendant. | 8:18CV534<br><br><br>**ORDER** |

　　On March 6, 2020, the magistrate judge[1] denied (Filing No. 61) plaintiff Wallace Dawkins's ("Dawkins") Motion for Protective Order and Objections to Deposition Duces Tecum (Filing No. 54). *See* 28 U.S.C. § 636(b)(1)(A) (authorizing the Court to designate a magistrate judge to hear most pretrial matters). Now before the Court are Dawkins's Statement of Objections (Filing No. 74) to that order and Motion for Leave to Submit Additional Evidence in Support of his Objections (Filing No. 72). According to Dawkins, "[j]ustice requires" the Court to consider the March 30, 2020, declaration of attorney "Kathleen M. Neary and a true and accurate copy of the deposition transcript of Wallace Dawkins" to fairly evaluate whether the magistrate judge's order "was appropriate." Yet, while Dawkins cites those "proposed" exhibits and discusses them in his brief, he has failed to provide them for the Court to review in considering his motion.

　　Defendant Barnhart Crane and Rigging Co. ("Barnhart Crane") opposes (Filing No. 76) both submissions. It contends Dawkins's objections lack merit and his proposed evidence is irrelevant, unnecessary, and excessive. Noting Dawkins failed to appear for his March 12, 2020, deposition without obtaining relief from the magistrate judge's order, *see* NECivR 72.2, Barnhart Crane suggests the Court should deny his objections as a sanction under Federal Rule of Civil Procedure 37. *See*, *e.g.*, *Shelton v. Am. Motors Corp.*,

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

805 F.2d 1323, 1330 (8th Cir. 1986) (explaining that Rule 37 sanctions require "a willful and bad faith failure to comply" and prejudice to the other party).

Dawkins maintains sanctions are unwarranted because his failure to appear for the deposition was not willful. His counsel states she "made a mistake" because she failed to read the local rules and wrongly assumed the deposition would not go forward.

Under § 636(b)(1)(B), the Court "may reconsider any pretrial matter" decided by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) (explaining that when a party timely objects to a magistrate judge's decision on a pretrial matter, the Court must consider those "objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law").

After careful review of Dawkins's objections and the parties' respective submissions, the Court grants Dawkins's motion for leave to admit the additional evidence specifically discussed in his brief and has considered it for the limited purposes offered. But Dawkins's additional evidence does not carry the day. Even with that evidence, Dawkins fails to show "the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

At the same time, although counsel is expected to read and comply with all applicable procedural rules and communicate with opposing counsel when necessary, the Court is satisfied Dawkins's failure to appear for his second deposition was neither willful nor driven by bad faith. Accordingly,

IT IS ORDERED:
1. Plaintiff Wallace Dawkins's Motion for Leave to Submit Additional Evidence (Filing No. 72) is granted.
2. His objections (Filing No. 74) to the magistrate judge's March 6, 2020, order (Filing No. 61) are overruled.

3. Defendant Barnhart Crane and Rigging Co.'s request for sanctions pursuant to Federal Rule of Civil Procedure 37 is denied.

Dated this 7th day of May 2020.

                                                    BY THE COURT:

                                                    Robert F. Rossiter, Jr.
                                                    United States District Judge