IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALLACE DAWKINS,<br><br>Plaintiff,<br><br>v.<br><br>BARNHART CRANE AND RIGGING CO.,<br><br>Defendant. | 8:18CV534<br><br><br>**ORDER** |

On October 14, 2020, defendant Barnhart Crane and Rigging Co. ("Barnhart Crane") moved (Filing No. 98) for summary judgment "with respect to all claims and causes of action" asserted by plaintiff Wallace Dawkins ("Dawkins"). *See* Fed. R. Civ. P. 56(a). On January 27, 2021, the Court issued a Memorandum and Order (Filing No. 121) granting Barnhart Crane's motion in part and denying it in part. More precisely, the Court granted Barnhart Crane's motion with respect to Dawkins's hostile-work-environment claim but denied the motion "in all other respects."

Now pending before the Court is Barnhart Crane's Motion for Clarification and Reconsideration (Filing No. 122). Barnhart Crane asks the Court to "(1) rule on the still outstanding portion of [its] summary judgment motion related to [Dawkins's] disparate pay race discrimination claim" and "(2) reconsider its finding that [Dawkins] established his *prima facie* case and factual issues exist in [his] pretext showing." As it did in support of summary judgment, Barnhart Crane contends Dawkins's race-discrimination claim should be dismissed because he "did not identify similarly situated employees to satisfy his *prima facie* burden or establish pretext."

Unsurprisingly, Dawkins opposes Barnhart Crane's motion. As he sees it, Barnhart Crane fails to show the Court's decision on Dawkins's "race discrimination and retaliation claims was 'clearly' or 'manifestly' erroneous." In support, he relies on *Hagerman v.*

*Yukon Energy Corp.*, 839 F.2d 407, 413-14 (8th Cir. 1988), in which the Eighth Circuit held that district courts have "broad discretion in determining whether to grant a motion to alter or amend judgment."

Having carefully considered the parties' submissions, the Court finds Barnhart Crane's motion should be denied. Perfection is ever elusive, but the Court's Memorandum and Order—which unequivocally denied Barnhart Crane's summary-judgment motion in *all* respects other than as to Dawkins's hostile-work-environment claim—left no part of the motion "outstanding." The Court further finds neither reversal nor "clarification" of the Court's rulings on Dawkins's race-discrimination claims is required under the circumstances of this case.

For the foregoing reasons, Barnhart Crane's Motion for Clarification and Reconsideration (Filing No. 122) is denied.

IT IS SO ORDERED.

Dated this 19th day of April 2021.

                                          BY THE COURT:

                                          Robert F. Rossiter, Jr.
                                          United States District Judge